IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUL -5  A 10: 37

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) CIVIL ACTION NO. 2:06cv597-WHA |
| PIONEER HAULERS LLC, | ) |
| PIONEERS UNLIMITED, INC., | ) |
| ROBERT PIERCE, SHELBY REDI- | ) |
| MIX, INC., and MARK D. | ) |
| COTTINGHAM, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**COMES NOW** the Plaintiff, Canal Insurance Company, by and through the undersigned counsel, and hereby files this its Complaint for Declaratory Judgment.

**PARTIES**

1.   Canal Insurance Company (hereinafter "Canal"), is a South Carolina corporation with its principal place of business in Greenville, South Carolina. Canal was qualified and engaged in the business of writing insurance in the State of Alabama at all times referred to herein.

2.   Upon information and belief, Defendant designated as Pioneer Haulers, LLC (hereinafter "Pioneer Haulers") is a limited liability corporation that was incorporated in the State of Alabama and has its principal place of business in Marbury, Alabama. The records of the Secretary of State of Alabama indicate that the only member of Pioneer Haulers is Robert E. Pierce.

Upon information and belief, Robert E. Pierce is a resident citizen of the State of Alabama and is domiciled in the State of Alabama. Accordingly, by virtue of the citizenship of its member, Pioneer Haulers is also a citizen of the State of Alabama pursuant to Rolling Greens MHP, LP v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

3. Upon information and belief, Defendant designated as Pioneer Unlimited, Inc. (hereinafter "Pioneer Unlimited"), is a citizen of the State of Alabama by virtue of being incorporated in the State of Alabama and having its principal place of business in the State of Alabama.

4. Upon information and belief, Defendant designated as Shelby Redi-Mix, Inc. (hereinafter "Shelby Redi-Mix"), is a citizen of the State of Alabama by virtue of being incorporated in the State of Alabama and having its principal place of business in the State of Alabama.

5. Upon information and belief, Defendant designated as Robert E. Pierce, as alleged in paragraph 2, above, is an individual resident citizen of the State of Alabama.

6. Upon information and belief, Defendant designated as Mark D. Cottingham, is an individual resident citizen of the State of Alabama.

## JURISDICTION AND VENUE

7. This is a Declaratory Judgment action brought pursuant to 28 U.S.C. section 2201, et. seq., and Rule 57 of the Federal Rules of Civil Procedure.

8. The instant lawsuit involves an insurance coverage dispute that is premised on an underlying lawsuit styled *Mark D. Cottingham, Plaintiff, versus Pioneer Haulers LLC, Robert Pierce and Shelby Redi-Mix, Inc., Defendants, In the Circuit Court of Chilton County, Alabama (CV-2003-375)* (hereinafter "the underlying lawsuit").

9. Jurisdiction in this matter is premised on diversity of citizenship pursuant to 28 U.S.C. section 1332 (a)(1). Complete diversity exists in this matter and the amount in controversy exceeds Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

10. Venue in this matter is appropriate pursuant to 28 U.S.C. section 1391.

## FACTS

11. On or about December 23, 2003, Mark D. Cottingham, the plaintiff in the underlying lawsuit, filed a complaint in the Circuit Court of Chilton County, Alabama against Pioneer Haulers, Robert Pierce and twenty-eight (28) fictitious defendants. (A copy of the underlying complaint is attached as **Exhibit "A"**). The four corners of the underlying complaint alleged that Cottingham was employed by Pioneer Haulers on March 7, 2003 and that he had an on-the-job injury, arising out of and during the course of his employment with Pioneer Haulers. (**Exhibit "A"**, p. 2 ¶ 3). Specifically, Cottingham alleged that he was required to operate a particular dump truck and could not perform his job duties without doing so; he further alleged that the dump truck was unsafe and that the truck malfunctioned and flipped while Cottingham was driving the vehicle in the course and scope of his employment with Pioneer Haulers. (**Exhibit "A"**, p. 2 ¶ 4). Upon information and belief, the Vehicle Identification Number of the Dump Truck that Cottingham was operating was 1NKDLB0X1UR754138.

12. The underlying complaint specifically alleged the following claims:

    a. A claim for Workers' Compensation benefits against Pioneer Haulers and various fictitious defendants in Count One (**Exhibit "A"**, pp. 2-4);

    b. A claim for co-employee liability against Robert Pierce and various fictitious defendants in Count Two (**Exhibit "A"**, p. 5);

    c.    Claims for improper hiring, training, supervision and instruction against various fictitious defendants (**Exhibit "A"**, p. 5-6); and

    d.    Claims for improper inspection, maintenance, repair and/or warning with respect to the dump truck against various fictitious defendants (**Exhibit "A"**, p. 6).

    13.    With respect to the allegations that Cottingham was employed by Pioneer Haulers, sustained an on-the-job injury arising out of and during the course of his employment for Pioneer Haulers, and that he was operating the subject dump truck on the date of the accident, Mr. Cottingham signed a sworn statement in which he stated that such allegations, as well as others, were a *"true and accurate representation of the circumstances regarding the injury I sustained while on the job."* (**Exhibit "A"**, p. 7) (emphasis supplied).

    14.    The Complaint also petitioned the Court to authorize and confirm the employment of Cecil G. Duffee, III and James E. Mitchell, Jr., as Cottingham's attorneys. (**Exhibit "A"**, p. 4 ¶ C). This was done pursuant to the Alabama Workers' Compensation Act, which requires the approval of the appointment of an attorney by a Judge prior to allowing the payment of a legal fee in a workers' compensation case. See Ala. Code § 25-5-90 (a) (1975). On January 7, 2004, Judge Ben Fuller approved the appointment of Duffee and Mitchell to handle Cottingham's workers' compensation claims against Pioneer Haulers and Pierce. (A copy of the underlying Order is attached as **Exhibit "B"**).

    15.    On April 6, 2004, Pioneer Haulers and Robert Pierce filed separate answers to Cottingham's complaint. (Copies of these underlying answers are attached as **Exhibits "C" and "D"** respectively). In response to the complaint, both Pioneer Haulers and Pierce asserted that they were

*"immune from liability to the Plaintiff pursuant to the statutory immunity afforded to Defendant[s] under Alabama's Worker's Compensation Act."* (**Exhibit "C"**, pp. 1-2 Fourth Defense; **Exhibit "D"**, pp. 1-2 Fourth Defense) (emphasis supplied).

16. Thereafter, on or about July 20, 2003, Cottingham filed an amendment to his original complaint. (A copy of the underlying amendment is attached as **Exhibit "E"**). The amendment adopted and realleged all prior allegations in the original complaint. (**Exhibit "E"**, p. 1 ¶ 5.1). In addition, the amendment added an alternative claim under the Employer's Liability Act, Ala. Code § 25-6-1 (1975). Cottingham specifically alleged that he *"was employed by Defendant Pioneer Haulers, LLC, Robert Pierce and/or Defendants 1 through 12 as a truck driver."* (**Exhibit "E"**, p. 1 ¶ 5.3) (emphasis supplied). He asserted, in the alternative, that he, Pioneer Haulers and Pierce were not subject to the Alabama Workers' Compensation Act, but that Pioneer Haulers's and Pierce's negligence and/or wantonness caused his injuries. (**Exhibit "E"**, pp. 1-2 ¶ 5.4).

17. On or about July 30, 2004, Pioneer Haulers and Robert Pierce filed separate answers to Cottingham's amendment. (Copies of these underlying answers are attached as **Exhibits "F"** and **"G"** respectively). Both Pioneer Haulers and Pierce "adopted all defenses available ... of the 'Employers Liability Act,' codified at Alabama Code 1975, § 25-6-1, et seq." (**Exhibit "F"**, p. 2, Forty-Fourth Defense; **Exhibit "G"**, p. 2, Forty-Fourth Defense).

18. On or about June 1, 2005, Cottingham filed a Second Amendment to Complaint. (The Second Amendment is attached as **Exhibit "H"**[1]). The Second Amendment substituted Pioneer

---

[1] The Second Amendment is undated and unsigned. However, counsel has confirmed the date of filing of the Second Amendment from the case action summary in the underlying lawsuit. Assuming any party to this case contends that the attached and unsigned Second Amendment is not the same as the one that was ultimately filed, Canal will supplement this Complaint to attach a signed version of the Second Amendment.

Unlimited, Inc.[2], and Shelby Redi-Mix for a number of fictitious defendants, but did not amend or modify the Complaint in any other respect. (**Exhibit "H"**).

19.     On or about August 4, 2005, Cottingham filed a Third Amendment to Complaint and substituted Shelby-Redi Mix, already a defendant to the underlying action, for a number of fictitious parties in the underlying complaint, but did not amend or modify the complaint in any other respect. (The Third Amendment is attached as **Exhibit "I"**).

20.     Canal issued a Basic Automobile Liability Policy to Pioneer Haulers, bearing policy number 373516 ("the Canal policy") with effective dates of coverage from June 5, 2001 until cancelled. (A true and correct copy of Canal's policy is attached as **Exhibit "J"**).

21.     Canal's policy, among other provisions, terms and conditions, provides the following pertinent provisions:

### SECTION A - BASIC AUTOMOBILE LIABILITY INSURANCE

I.     **COVERAGE A-BODILY INJURY LIABILITY ...**

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

**bodily injury or property damage**

to which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an **owned automobile** or of a **temporary substitute vehicle** ...
. . .

**Exclusions:**    This insurance does not apply:
. . .

---

[2]Upon information and belief, Pioneer Unlimited, Inc., has never been served and has not filed an appearance and/or responsive pleading in the underlying lawsuit.

(b) to any obligation for which the **insured** or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(c) to **bodily injury** to any employee of the **insured** arising out of and in the course of his employment by the **insured** or to any obligation of the **insured** to indemnify another because of damages arising out of such injury; but this exclusion does not apply to any such injury arising out of and in the course of domestic employment by the **insured** unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

. ..

III.  **PERSONS INSURED:** Each of the following is an **insured** under this insurance to the extent set forth below:

   (a) the **named insured**;

   (b) any partner or executive officer thereof, but with respect to a **temporary substitute automobile** only while such **automobile** is being used in the business of the **named insured**;

   (c) any other person while using an **owned automobile** or a **temporary substituted vehicle** with the permission of the **named insured**, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to **bodily injury** or **property damage** arising out the loading or unloading thereof, such other person shall be an **insured** only if he is:

   (1) a lessee or borrower of the **automobile**; or

   (2) an employee of the **named insured** or of such lessee or borrower;

   (d) any other person or organization but only with respect to his or its liability because of acts or omissions of an **insured** under (a), (b) or (c) above.

   None of the following is an **insured**:

   (i) any person while engaged in the business of his employer with respect to **bodily injury** to any fellow employee of such person

          injured in the course of his employment;

(ii)    except as stated under (b) above, the owner of a **temporary substitute automobile**, or the agent or employee of such owner;

(iii)    any person or organization, other than the **named insured**, with respect to:

    (1)    a motor vehicle while used with any **trailer** owned or hired by such person or organization and not covered by like insurance in the company (except a **trailer** designated for use with a four wheel **private passenger automobile** and not being used for business purposes with another type motor vehicle), or

    (2)    a **trailer** while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the company;

(iv)    any person while employed in or otherwise engaged in duties in connection with an **automobile business**, operated by the **named insured**.

**IV.**    **LIMITS OF LIABILITY:** Regardless of the number of (1) **insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage**, (3) claims made or suits brought on account of **bodily injury** or **property damage** or (4) **automobiles** to which this policy applies, the company's liability is limited as follows:

**Coverage A** - The limit of **bodily injury** liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, because of **bodily injury** sustained by one person as the result of any one **occurrence**; but subject to the above provision respecting "each person", the total liability of the company for all damages, including damages for care and loss of services, because of **bodily injury** sustained by two or more persons as the result of any one **occurrence** shall not exceed the limit of **bodily injury** stated in the declarations as applicable to "each **occurrence**".

. . .

> VI. **DEFINITIONS:** When used in this policy (including endorsements forming a part hereof):
>
> **"automobile"** means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include **mobile equipment**;
>
> **"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at anytime resulting therefrom;
>
> **"insured"** means any person or organization qualifying as an insured in the "Persons Insured" provision fo the applicable insurance coverage. The insurance afforded applies separately to each **insured** against whom claim is made or brought, except with respect to the limits of the company's liability;
>
> . . .
>
> **"named insured"** means the person or organization named in Item 1 of the declarations of the policy.
>
> **"occurrence"** means an accident, including continuous or repeated exposures to conditions, which results in **bodily injury** or **property damage** neither expected or intended from the standpoint of the **insured**;
>
> . . .

(**Exhibit "J"**).

22.     By Endorsement Form E-1, Canal's policy added Shelby Redi-Mix as an additional insured, but <u>only</u> with respect to a 1997 Kenworth Dump Truck bearing Vehicle Identification Number 1NKDLOX5VR754241. (**Exhibit "J"**, Endorsement Form E-1). With respect to Shelby Red-Mix, Canal's policy provides that "in no event shall coverage apply to any other vehicle described in this policy." (**Exhibit "J"**, Endorsement Form E-1). The vehicle identified in Endorsement Form E-1 was not the vehicle that Cottingham was operating at the time of the underlying accident.

23. By another Endorsement Form E-1, Canal's policy added Robert Pierce as an additional individual insured, but <u>only</u> with respect to a 1997 Kenworth Dump Truck bearing Vehicle Identification Number 1NKDLOX5VR754241, a 1997 Kenworth Dump Truck bearing Vehicle Identification Number 1NKDLBOX5VR754241, and a 1990 Kenworth Dump Truck bearing Vehicle Identification Number 1GUYDCY88LP384712. (**Exhibit "J"**, Endorsement Form E-1). With respect to Mr. Pierce, Canal's policy provides that "in no event shall coverage apply to any other vehicle described in this policy." (**Exhibit "J"**, Endorsement Form E-1). The vehicle identified in Endorsement Form E-1 was not the vehicle that Cottingham was operating at the time of the underlying accident.

24. By Endorsement Form E-4, Canal's policy provides as follows:

### OCCUPANT HAZARD EXCLUDED

It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile.

It is further agreed that, in the event the company shall, because of provision of the Federal or State statutes become obligated to pay any sum or sums of money because of such bodily injury or death resulting therefrom, the insured agrees to reimburse the company for any and all loss, costs and expenses paid or incurred by the company.

(**Exhibit "J"**, Endorsement Form E-4).

25. By endorsement form E-45 (ai), Canal's policy also provided the following applicable provision:

### TRUCKMAN'S ENDORSEMENT

In consideration of the premium charged for the policy to which this endorsement is attached, it is understood and agreed that no coverage is extended to any person, firm or organization using the described automobile pursuant to any lease, contract of hire, bailment, rental agreement, or any similar contract or agreement either written or

oral, expressed or implied, the terms and provisions of the Insuring Agreement III of Section A, entitled "Persons Insured" notwithstanding.

In the event the automobile described in this policy is being used or maintained pursuant to any lease, contract of hire, bailment, rental agreement or any similar contract or agreement, either written or oral, expressed or implied, the insurance afforded the named insured shall be excess insurance over any other insurance.

**(Exhibit "J"**, Endorsement Form E-45(ai)).

26. In addition, Canal's policy provides the following pertinent condition to coverage:

**SECTION A - BASIC AUTOMOBILE LIABILITY INSURANCE**

4. **Insured's Duties in the Event of Occurrence, Claim or Suit:**

   (a) In the event of an **occurrence**, written notice containing particulars sufficient to identify the **insured** and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the witnesses, shall be given by or for the **insured** to the company or any of its authorized agents as soon as practicable.

   . . .

**(Exhibit "J")**.

27. Upon information and belief, the Dump Truck that Cottingham was operating, and which bore Vehicle Identification Number 1NKDLB0X1UR754138 was actually owned by Pioneer Unlimited. Thus, Pioneer Haulers and/or Robert Pierce had no insurable interest in said vehicle.

28. Canal has undertaken the defense of Pioneer Haulers and Robert Pierce in the underlying lawsuit pursuant to a reservation of rights defense. A justiciable controversy exists between Canal and the underlying defendants as to whether Canal owes any duty to provide any of them with coverage (including defense and/or indemnity) in the underlying lawsuit.

## **BILL OF COMPLAINT**

29.    A justiciable controversy exists among Canal and the underlying defendants as to: (a) whether some or all of the underlying defendants qualify as insureds under Canal's policy (whether under the Persons Insured provision and/or the E-1 or E-45 Endorsements); (b) whether some or all of the claims in the underlying lawsuit trigger Canal's insuring agreement; (c) whether Canal's policy precludes coverage (including defense and/or indemnity) under its Workers' Compensation and Similar Laws exclusion; (d) whether Canal's policy precludes coverage (including defense and/or indemnity) under its Exclusion for Bodily Injury to Employees; (e) whether Canal's policy precludes coverage (including defense and/or indemnity) under its Occupant Hazard Exclusion; (f) whether Canal's policy precludes coverage under its E-45 Truckman's Endorsement and/or whether Canal's Truckman's Endorsement makes Canal excess to any other insurance; (g) whether Shelby Redi-Mix, Pioneer Unlimited and/or Robert E. Pierce qualify as additional insureds under Canal's policy; (h) whether some or all of the defendants have violated Canal's notice condition; and (i) whether Pioneer Haulers and/or Robert Pierce had an insurable interest in the Dump Truck bearing Vehicle Identification Number 1NKDLBOX1UR754138.

30.    Canal owes no duty to defend and/or indemnify some or all of the underlying defendants (Pioneer Haulers, Pioneer Unlimited, Pierce and/or Shelby Redi-Mix) in the underlying lawsuit by application of its policy provisions.[3]

31.    Even assuming, arguendo, that the Court finds that Canal somehow owes a duty to defend and/or indemnify some or all of the underlying defendants in the underlying lawsuit, Canal is not liable for any amount awarded above the stated occurrence limit in the Declarations section

---

[3]Canal reserves the right to raise additional reasons to deny coverage that it later determines to be applicable.

of the Canal policy.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff, Canal Insurance Company, respectfully requests that this Honorable Court grant the following relief:

1. That this Court take jurisdiction of this cause;

2. That this Court Order, Adjudge, and Decree that this is a proper cause for an action of Declaratory Judgment and that there is a bona fide controversy between the parties as to their legal rights, duties, status, and liabilities;

3. That the process of this Court be issued to Pioneer Haulers, LLC, Pioneer Unlimited, Inc., Robert E. Pierce, Shelby Redi-Mix, Inc., and Mark D. Cottingham as provided by Law and the Rules of this Court, and that they each be required to plead or answer to this Complaint for Declaratory Judgment within the time and manner required by law;

4. That the Court stay entry of final judgment in favor of Mark D. Cottingham in the Underlying Lawsuit, until all coverage issues are determined and declared by the Court;

5. That upon a final hearing of this cause, this Court will declare the rights, duties, status, and legal relations of Canal Insurance Company, Pioneer Haulers, LLC, Pioneer Unlimited, Inc., Robert E. Pierce, Shelby Redi-Mix, Inc., and Mark D. Cottingham, under the applicable policy of insurance;

6. That upon a final decree of this cause, this Court will Order, Adjudge, Declare, or Decree that: (a) some or all of the underlying defendants do not qualify as insureds under Canal's policy under Canal's Persons Insured provision and/or the E-1 or E-45

Endorsements to the policy; (b) some or all of the claims in the underlying lawsuit do not trigger Canal's insuring agreement; (c) Canal's policy precludes coverage (including defense and/or indemnity) under its Workers' Compensation and Similar Laws exclusion for some or all of the defendants; (d) Canal's policy precludes coverage (including defense and/or indemnity) under its Exclusion for Bodily Injury to Employees for some or all of the defendants; (e) Canal's policy precludes coverage (including defense and/or indemnity) under its Occupant Hazard Exclusion for some or all of the defendants; (f) Canal's policy precludes coverage under its E-45 Truckman's Endorsement for some or all of the underlying defendants and/or Canal's Truckman's Endorsement makes Canal excess to any other insurance; (g) Shelby Redi-Mix does not qualify as an additional insured under Canal's policy; (h) Pioneer Unlimited, Inc. does not qualify as an additional insured under Canal's policy; (i) Robert E. Pierce does not qualify as an additional insured under Canal's policy; (j) some or all of the defendants have violated Canal's notice condition and have forfeited any coverage allegedly owed by Canal; (k) that Pioneer Haulers and/or Robert Pierce had no insurable interest the in the Dump Truck bearing Vehicle Identification Number 1NKDLBOX1UR754138; and (k) alternatively, Canal is not liable for any judgment awarded in the underlying case above the stated occurrence limit in the Declarations section of Canal's policy of insurance.

7. That upon a final decree of this cause, this Court will Order, Adjudge, Declare, or Decree that Canal does not owe a duty to defend and/or indemnify Pioneer Haulers, LLC, Pioneer Unlimited, Inc., Robert E. Pierce, and/or Shelby Redi-Mix, Inc., with

respect to any claims asserted by Mark D. Cottingham in the underlying lawsuit.

8. Canal requests any such other, further, and different relief as it may be entitled and offers to do equity and further requests that if it be mistaken and any special relief herein sought is denied, then it requests such other, further, or more general relief to which it may be entitled.

Respectfully Submitted,

/s/ *signature*

K. Donald Simms (Fed ID: SIMMK9801)
Joseph E. B. Stewart (Fed ID: STEWJ6903)
Attorneys for plaintiff, Canal Insurance Company

**OF COUNSEL**:
AUSTILL, LEWIS & SIMMS, P.C.
P. O. Box 11927
Birmingham, AL 35202-1927
Telephone:   (205) 870-3767
Facsimile:    (205) 870-3768

Plaintiff's Address:

Canal Insurance Company
P.O. Box 7
Greenville, SC 29602

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Pioneer Haulers, LLC
1989 County Road 123
Marbury, Alabama 36051

Pioneer Unlimited, Inc.
c/o Doyle Pierce
2287 County Road 16
Clanton, Alabama 35045

Robert E. Pierce
1989 County Road 123
Marbury, Alabama 36051

Shelby Redi-Mix, Inc.
c/o Doyle Pierce
1007 7th Street
Clanton, Alabama 35045

Mark D. Cottingham
14551 County Road 51
Jemison, Alabama 35085