# EXHIBIT "A"

DEFENDANT'S COPY

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

MARK D. COTTINGHAM, )
)
    Plaintiff, )
)
v. )   CIVIL ACTION NO: CV 03-375 B
)
PIONEER HAULERS L.L.C. an Alabama Limited Liability Company, and/or Defendants 1, 2, 3, 4, 5 and 6, the persons, firms, corporations, partnerships or entities known as or doing business as or under such name or names or who have similar names but describe the persons referenced in the Complaint below; Defendants 7, 8 and 9, the persons, firms, corporations, partnerships or entities which or who were the Plaintiff's employer, whether individually or jointly, at the time of the occurrence made the basis of this action; Defendants 10, 11 and 12, the persons, firms, corporations, partnerships or entities other than those entities described above who or which is or are the successor in interest of any of those persons, firms, corporations, partnerships or entities described above; ROBERT PIERCE, an Individual; Defendants 13, 14, 15, 16, 17 and 18, the co-employees, persons, firms, corporations, partnerships or entities creating and/or refusing or failing to remedy the dangerous condition of the truck that injured Plaintiff on the occasion made the basis of this action; Defendants 19, 20, 21, 22 & 23, the persons, firms, corporations or partnerships who hired, supervised or trained the above stated defendants; Defendants, 24, 25, 26, 27 and 28, the persons, firms, corporations, partnerships or entities who were responsible for the inspection, maintenance and repair, and/or warning measures on the equipment that injured Plaintiff on the occasion made the basis of this action and/or the compliance with regulatory or safety standards for such equipment on the occasion made the basis of this action; all of whose true names and legal identities are unknown to the Plaintiffs at this time, but will be added by substitution or amendment when ascertained. )
)
    Defendants. )

## COMPLAINT

1.    The Plaintiff, Mark D. Cottingham, alleges that he is a resident citizen of Alabama, and is over the age of nineteen (19) years.

2.    The Plaintiff further alleges upon information and belief that Defendant, Pioneer Haulers, L.L.C. (Pioneer), is an Alabama Limited Liability Company and at all times relevant was doing business within the jurisdiction of this Court. Defendant Robert Pierce on information and belief is a resident of Alabama. Alternatively, Plaintiff alleges that he was employed at all

Mark D. Cottingham v. Pioneer Haulers LLC, et al
Complaint

relevant times by one or more of the fictitious parties listed in the caption above, whose correct names and identities are unknown to Plaintiff at this time but will be substituted by amendment when they are ascertained.

3. The Plaintiff further alleges that on or about March 7, 2003, he was employed by Pioneer when he sustained an on-the-job injury, arising out of and during the course of his employment for said Defendant. As part of Plaintiff's job duties, Plaintiff was required to drive a particular dump truck (the "Truck") and Plaintiff could not perform his job duties without doing so.

4. Plaintiff avers that he and/or other employees of Pioneer had informed agents and/or employees of Pioneer that the Truck would malfunction when driven and that it was unreasonably dangerous. Plaintiff avers that each of the Defendants knew or should have known that the Truck was unreasonably dangerous and that each knew or should have known that there was a substantial certainty that injury would occur to Plaintiff or another person as a result of such condition. While performing his job duties for the Defendant and while driving the Truck in the course and scope of his employment, the Truck's steering wheel malfunctioned and caused said Truck to flip over causing serious injuries to Plaintiff's face, back and/or other parts of his body.

5. As a result of this incident and the acts and omissions of the defendants, the Plaintiff suffered the following injuries and damages: Plaintiff suffered and sustained injuries including without limitation severe lacerations to his head and face; severe blows back, neck shoulders and/or other areas of his body; he was required to seek medical treatment from several doctors; he was required to undergo and pay for rehabilitation; he was unable to perform his usual employment for a period of time; he incurred expenses for medical and hospital care and transportation in connection therewith; he lost considerable income because he was unable to perform his usual

employment; he continues to suffer from impairment and pain and is likely to suffer impairment and pain permanently or for an unknown period of time in the future; upon information and belief he will incur medical expenses in the future; Plaintiff has suffered extreme pain and suffering and emotional distress and mental anguish; he has suffered extreme embarrassment and humiliation; he has suffered the loss of enjoyment of life; he has lost wages and will in the future loss wages; he has suffered permanent impairment and/or disfiguration and he has been permanently injured; he has suffered a loss of reputation; he has suffered financial and personal hardship and inconvenience; and he has suffered other damages.

6. Plaintiff is still being treated for his injuries and the Defendant employer has failed to provide medical treatment or other workers compensation benefits for such injuries.

## COUNT ONE
### (Workmen's Compensation)

1.1 Plaintiff hereby adopts and realleges each and every allegation contained in paragraphs 1 through 5 herein and further avers:

1.2 As a direct and proximate consequence of his on-the-job injury Plaintiff was caused to be partially disabled for a period of time and to undergo medical treatment in an effort to cure himself of injuries.

1.3 Defendant Pioneer and Defendants 1 through 12 have actual knowledge of the Plaintiff's injuries and that the same occurred in the course of his employment.

1.4 Plaintiff avers that the Defendant employer does not and did not have workers compensation insurance and have failed and/or refused to provide medical treatment for Plaintiff's on-the-job injuries in violation of the Workers Compensation

3

laws of the State of Alabama. Pursuant to §25-5-8(e) <u>Code of Alabama</u> (1975), the Plaintiff hereby makes claim for double damages against the Defendant employer. Further, because of the Defendant employer's failure to provide medical treatment, therapy and rehab, Plaintiff has not received full treatment for his injuries.

1.5   A controversy has arisen between the Plaintiff and the Defendant, and the Defendant has failed and/or refused to pay the Plaintiff workmen's compensation for the disability set forth above.

1.6   A controversy has arisen between the Plaintiff and the Defendant as to the percentage of permanent disability, and a judicial determination of this issue is needed.

1.7   Pursuant to §25-5-59 Code of Alabama (1975), the Plaintiff hereby makes claim for the fifteen percent (15%) penalty provided by said statute and avers that compensation owed to this Plaintiff is past due. Plaintiff further avers that the Defendant has refused or failed to make said payment of benefits and medical expenses absent good cause within thirty (30) days after same became due.

**WHEREFORE**, premises considered, the Plaintiff prays for the following relief:

A.    That the Court will take jurisdiction of this cause and cause service of process to be issued to said Defendant requiring it to answer and otherwise plead as required by law.

B.    That an award be made by this Honorable Court granting such relief and compensation as he may be entitled, and that such damages be doubled pursuant to §25-5-8(e).

C.    That this Honorable Court will authorize and confirm the employment of Cecil G. Duffee, III and James E. Mitchell, Jr. as Plaintiff's attorneys and will accept this verified pleading as Plaintiff's sworn testimony for the relief herein prayed for.

D.    For such other, further, and different relief to which he may be entitled, including but not limited to the fifteen percent penalty provided by §25-5-59.

Mark D. Cottingham v. Pioneer Haulers LLC, et al
Complaint

## COUNT TWO
### (Co-employee)

2.1   Plaintiff hereby adopts and realleges each and every allegation contained in paragraphs 1 through 1.7 herein and further avers:

2.2   Plaintiff avers that Robert Pierce and/or one or more of the Defendants 13 through 18, hereinafter collectively referred to as "Co-employee Defendants," are his co-employees of Pioneer who acted willfully and intentionally by creating the dangerous condition or by failing or refusing to remove the dangerous condition of the Truck, and by forcing Plaintiff to work with such dangerous condition after it was identified, with knowledge that injury or death would likely or probably result from their acts or omissions. Plaintiff further avers that such acts and/or omissions did, in fact, create the danger and condition and proximately cause the injuries to Plaintiff.

2.3   Plaintiff avers that that the Co-employee Defendants had a purpose or intent to injure another, and that the Co-employee Defendants, with knowledge of the danger or peril to another, consciously pursued a course of conduct with a design, intent, and purpose of inflicting injury.

2.4   As a direct and proximate cause of the Co-employee Defendants' willful conduct, the Plaintiff suffered the injuries and damages previously described.

**WHEREFORE**, premises considered, the Plaintiff demands judgment against the Co-employee Defendants for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest, costs of Court and any other relief to which Plaintiff is entitled.

## COUNT THREE

3.1   Plaintiff hereby adopts and realleges each and every allegation contained in paragraphs 1 through 2.4 and further avers:

5

Mark D. Cottingham v. Pioneer Haulers LLC, et al
Complaint

3.2    Defendants 19, 20, 21, 22, and 23 are the persons, firms, corporations, partnerships or entities who improperly hired, trained, supervised and instructed the Co-employee Defendants.

3.3    Plaintiff avers that such improper hiring, training, supervision and instruction, and/or the willful and intentional hiring, training, supervision and instruction of the defendants and/or other persons and/or defendants in this action, was the proximate cause of Plaintiff's injuries.

**WHEREFORE**, premises considered, the Plaintiff demands judgment against these Defendants for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest, costs of Court and any other relief to which Plaintiff is entitled.

**COUNT FOUR**

4.1    Plaintiff hereby adopts and realleges each and every allegation contained in paragraphs 1 through 3.3 and further avers:

4.2    Defendants, 24, 25, 26, 27 and 28, are the persons, firms, corporations, partnerships or entities who were responsible for the inspection, maintenance and repair, and/or warning measures on the equipment that injured Plaintiff on the occasion made the basis of this action and/or the compliance with regulatory or safety standards for such equipment on the occasion made the basis of this action.

4.3    Plaintiff avers that such acts and/or omissions of the defendants and/or other persons and/or defendants in this action, was the proximate cause of Plaintiff injuries.

**WHEREFORE**, premises considered, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest, costs of Court and any other relief to which Plaintiff is entitled.

Mark D. Cottingham v. Pioneer Haulers LLC, et al
Complaint

I have read the complaint and paragraphs 1, 3, 4, 5, 6, 1.2, 1.3, 1.5 and 1.6 of it are a true and accurate representation of the circumstances regarding the injury I sustained while on the job.

_____
Mark D. Cottingham (Plaintiff)

STATE OF ALABAMA     )
JEFFERSON COUNTY     )

Before me, the undersigned notary public in and for said county and state, personally appeared Mark D. Cottingham, who is known to me and who, being first duly sworn, deposes and says that he has read the foregoing Complaint and that to the best of his personal knowledge the matters and facts contained therein are true and correct.
Sworn to and subscribed to before me this the 16th day of Dec, 2003.

_____
NOTARY PUBLIC

My Commission Expires: 5/27/07

_____
Cecil G. Duffee, III (DUF001)
James E. Mitchell, Jr. (MIT048)
Attorneys for Plaintiff
THE DUFFEE FIRM L.L.C.
2015 Second Avenue North
Suite 400
Birmingham, AL 35203
(205) 251-0025

**PLAINTIFF DEMANDS TRIAL FOR COUNTS 2, 3 AND 4 BY STRUCK JURY.**

_____
OF COUNSEL

**Serve Defendants:**

Pioneer Haulers LLC                       SERVE BY SHERIFF
c/o Robert Pierce, Registered Agent
1989 CO RD 123
MARBURY, AL 36051

Robert Pierce                             SERVE BY SHERIFF
1989 CO RD 123
MARBURY, AL 36051

Mark D. Cottingham v. Pioneer Haulers LLC, et al
Complaint

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

MARK D. COTTINGHAM, )
)
    Plaintiff, )
)
v. )  CIVIL ACTION NO: CV03-375
)
PIONEER HAULERS, et al, )
)
    Defendants. )

### ORDER

The foregoing petition by the Plaintiff having been considered by the Court, and the Court being of the opinion that Plaintiff is entitled to the services of an attorney for the prosecution of this claim as set out in the Plaintiff's Complaint and petition, it is,

ORDERED, ADJUDGED, AND DECREED, by the Court that the employment of Cecil G. Duffee, III and James E. Mitchell, Jr. by the Plaintiff as his attorneys to represent him and the same is hereby authorized and confirmed.

ENTERED this the _____ day of _____, 200_.

_____
Circuit Court Judge