# EXHIBIT "D"

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| MARK D. COTTINGHAM, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO.: CV-03-375B ) |
| PIONEER HAULERS L.L.C.; ROBERT PIERCE, et al. | ) ) ) ) |
| Defendants. | ) |

## ANSWER

COMES the Defendant, Robert Pierce, in answer to Plaintiff's Complaint, and to each and every count and paragraph thereof, separately and severally, by setting forth the following separate and several defenses:

### FIRST DEFENSE

Defendant denies each and every material averment of Plaintiff's Complaint, and demands strict proof thereof.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and same is due to be dismissed.

### THIRD DEFENSE

Venue is improper as to this Defendant, and accordingly, Defendant pleads improper venue.

### FOURTH DEFENSE

Defendant says that it is immune from liability to the Plaintiff pursuant to the statutory

1

immunity afforded to Defendant under Alabama's Worker's Compensation Act.

## FIFTH DEFENSE

Defendant denies that he willfully or intentionally created a dangerous condition which proximately caused Plaintiff's alleged injuries and/or damages, and Defendant denies that any actionable conduct on his part proximately caused Plaintiff's alleged injuries and/or damages.

## SIXTH DEFENSE

Defendant denies that he willfully or intentionally failed or refused to remove a dangerous condition on the subject truck referenced in Plaintiff's Complaint, and Defendant denies that any actionable conduct on his part proximately caused Plaintiff's alleged injuries and/or damages.

## SEVENTH DEFENSE

Defendant denies that he forced or required Plaintiff to work with a dangerous condition after same allegedly was identified, and Defendant denies that any actionable conduct on his part proximately caused Plaintiff's alleged injuries and/or damages.

## EIGHTH DEFENSE

Defendant denies that Plaintiff was injured and/or damaged to the nature and extent claimed, and contests damages.

## NINTH DEFENSE

Defendant denies that any act or omission on his part proximately caused Plaintiff's alleged injuries and/or damages, and Defendant pleads lack of causal relationship.

## TENTH DEFENSE

Defendant denies that he consciously pursued a course of conduct with a design, intent, or

purpose of inflicting injury to the Plaintiff, and Defendant denies that any actionable conduct on his part proximately caused Plaintiff's alleged injuries and/or damages.

### ELEVENTH DEFENSE

Defendant says that Plaintiff's injuries were proximately caused by Plaintiff's own reckless and/or negligent conduct, and were not the proximate result of any actionable conduct on the part of this Defendant.

### TWELFTH DEFENSE

Defendant denies that the Plaintiff is entitled to recover compensatory or punitive damages against this Defendant.

### THIRTEENTH DEFENSE

Defendant pleads § 6-11-21 Ala. Code (1975, as amended), and as interpreted in Oliver v. Towns, S.C. 1970312, decided January 13, 1999. Defendant says that it is in no manner liable to the Plaintiff under any theory of liability outlined in Plaintiff's Complaint.

### FOURTEENTH DEFENSE

Defendant says that an award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

### FIFTEENTH DEFENSE

Defendant says that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States.

3

## SIXTEENTH DEFENSE

Defendant says that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## SEVENTEENTH DEFENSE

Defendant says that any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## EIGHTEENTH DEFENSE

Defendant says that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## NINETEENTH DEFENSE

It is violative of the self-incrimination clause of Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## TWENTIETH DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of

4

the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-FIRST DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### TWENTY-SECOND DEFENSE

Defendant says that any award of punitive damages to Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TWENTY-THIRD DEFENSE

Defendant says that any award of punitive damages to the Plaintiff in this case will be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that it would provide damages to the Plaintiff in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in 1981 in Section 27-1-17, Code of Alabama 1975, as amended.

### TWENTY-FOURTH DEFENSE

Defendant says that the imposition of punitive damages under Alabama law is arbitrary and capricious inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature, Plaintiff must show entitlement to the same by

5

evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama and that imposition of punitive damages under Alabama law, even with <u>Green Oil</u> and <u>Hammond</u>'s guidelines is arbitrary and capricious leading to "grossly excessive" punitive damage awards inasmuch as the jury is provided neither guideline in reaching some ratio between compensatory and punitive damages, nor some rational relation between the Defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition. <u>BMW of North America v. Gore</u>, 116 S.Ct. 1589 (1996).

## TWENTY-FIFTH DEFENSE

Notions of judicial fairness, Due Process and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject him to punishment but also the severity of the penalty that a State may impose. This State provided no such notice to defendants leading to "grossly excessive" punitive damaged awards that violate the United States Constitution and its amendments. <u>BMW of North America v. Gore</u>, 116 S.Ct. 1589 (1996).

_____
Jack J. Hall, Attorney for Defendant,
Robert Pierce

<u>OF COUNSEL</u>
HALL, CONERLY & BOLVIG, P.C.
505 N. 20th Street
Suite 1400
Birmingham, AL 35203
(205) 251-8143
fax: (205) 326-3202

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 6th day of April, 2004, served a true and correct copy of the above and foregoing pleading on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed to the following:

Cecil G. Duffee
James E. Mitchell, Jr.
THE DUFFEE FIRM, LLC
2015 Second Avenue North, Suite 400
Birmingham, AL 35203

*[signature]*
Of Counsel