# EXHIBIT "E"

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

MARK D. COTTINGHAM, )
)
Plaintiff, )
)
vs. ) Case No. CV 03-375F
)
PIONEER HAULERS, L.L.C, )
ROBERT PIERCE, et al, )
)
Defendants, )



## AMENDMENT TO COMPLAINT

COMES NOW the Plaintiff, by and through his attorneys of record, and amends his Complaint in this action adding the following Counts as follows, but in no other manner or particular:

### COUNT FIVE
(Employer's Liability Act)

5.1.   Plaintiff hereby adopts and realleges each and every allegation contained in paragraphs 1 through 4.3 of the Original Complaint as if fully set forth herein and further avers:

5.2.   Plaintiff alternatively pleads this action pursuant to the Employer's Liability Act, Code of Alabama, 1975, § 25-6-1, et seq.

5.3.   Plaintiff avers that at all times material hereto Plaintiff was employed by Defendant Pioneer Haulers LLC, Robert Pierce and/or Defendants 1 through 12 as a truck driver. Plaintiff and Defendants were not subject to the provisions of the Workers' Compensation Act. Plaintiff further avers that he received a personal injury, as set forth in the original Complaint, while in the service or business of the Defendants.

5.4.   Plaintiff avers that his personal injuries were proximately caused by a defect in the Truck owned by Defendant Pioneer Haulers LLC, Robert Pierce, and/or

Cottingham v. Pioneer Haulers, LLC et al.
Amendment to Complaint

Defendants 1 through 12, and/or the negligence or wantonness of Defendants Pioneer Haulers, Robert Pierce and/or Defendants 1 through 12.

5.5. Plaintiff avers that his personal injuries were the result of the negligence or wantonness of a person in the service or employment of one or more of the Defendants who had any superintendence entrusted to him, while in the exercise of such superintendence.

5.6. Plaintiff avers that his personal injuries were the result of the negligence or wantonness of a person in the service or employment of one or more of the Defendants, to whose orders or directions the Plaintiff at the time of the injury was bound to conform and did conform, and such injuries resulted from the Plaintiff's having so conformed.

5.7. Plaintiff avers that his personal injuries were the result of the of the act or omission of any person in the service or employment of one or more of the Defendants, done or made in obedience to the rules and regulations or bylaws of the Defendants, or in obedience to particular instructions given by any person delegated with the authority of the Defendants in that behalf.

5.8. As a proximate result of the Defendants' aforesaid conduct, negligence and/or wantonness the Plaintiff was injured and damaged as set forth above.

**WHEREFORE**, premises considered, the Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest, costs of Court and any other relief to which Plaintiff is entitled.

Cottingham v. Pioneer Haulers LLC et al.
Amendment to Complaint

## COUNT SIX
(Negligence / Wantonness / Willfulness)

6.1. Plaintiff hereby adopts and realleges each and every allegation contained in paragraphs 1 through 4.3 of the Original Complaint and 5.1 through 5.8 of the Amendment to the Complaint as if fully set forth herein and further avers:

6.2. Plaintiff avers that Defendant Pioneer Haulers LLC, Robert Pierce and/or Defendants 1 through 12 owed a duty or duties to the Plaintiff, and/or that the Defendants voluntarily undertook to act for the benefit of the Plaintiff and thereby created a duty or duties to the Plaintiff.

6.3. Plaintiff avers that said Defendants breached said duty or duties, and that said Defendants were negligent, wanton and/or willful concerning said duty or duties.

6.4. Plaintiff avers that the negligence, wantonness and/or willfulness of said Defendants was the proximate cause of Plaintiffs' injuries, including without limitation: injuries and damages as set forth in the Original Complaint, financial inconvenience and hardship, personal inconvenience and hardship, pain and suffering, mental anguish and emotional distress, and other damages.

**WHEREFORE**, premises considered, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest, costs of Court and any other relief to which Plaintiff is entitled.

THE DUFFEE FIRM L.L.C.

*/s/ Cecil G. Duffee*

Cecil G. Duffee III (DUF001)
James E. Mitchell, Jr. (MIT048)
Attorneys for Plaintiff
2015 Second Avenue North
Suite 400
Birmingham, Alabama 35203
(205) 251-0025

Cottingham v. Pioneer Ha~ ~ ~LC et al.
Amendment to Complaint

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and foregoing upon the following by hand delivery or by delivering a copy of the same in the U. S. Mail, properly addressed and postage prepaid, this the 20th day of July, 200_4_.

_____
Of Counsel

Jack J. Hall, Esquire
P. Ted Colquett, Esquire
HALL, CONERLY & BOLVIG, P.C.
1400 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2626

4