# EXHIBIT "G"

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

MARK D. COTTINGHAM,

    Plaintiff,

v.

PIONEER HAULERS, L.L.C., ROBERT PIERCE, et als.,

    Defendant.

CIVIL ACTION NO. CV-2003-375B

### DEFENDANT, ROBERT PIERCE'S, ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the Defendant, Robert Pierce, and Answers Plaintiff's Amended Complaint, and to each count and paragraph thereof, separately and severally, sets down and adopts each defense asserted in his prior Answer and Amended Answer as if fully set forth herein, and further assigns the following separate and several defenses:

### THIRTY-EIGHTH DEFENSE

The Defendant denies that he was guilty of negligence on the occasion complained of and denies that any alleged negligence on his part proximately caused said incident.

### THIRTY-NINTH DEFENSE

The Defendant denies that he was guilty of wanton conduct on the occasion complained of and denies that any alleged wanton conduct on his part proximately

caused said incident.

## FORTIETH DEFENSE

The Defendant denies that there was any causal relationship between any of his alleged activities and the alleged injuries/damages of the Plaintiffs.

## FORTY-FIRST DEFENSE

The Defendant says that the Plaintiff was guilty of negligence on the occasion of the alleged incident, which proximately caused or proximately contributed to cause the alleged incident, and Plaintiff's claims are barred by "contributory negligence."

## FORTY-SECOND DEFENSE

The Defendant pleads the affirmative defense of "assumption of risk."

## FORTY-THIRD DEFENSE

The Defendant generally denies the allegations of Plaintiff's Amended Complaint and demands strict proof of the same. Defendant denies that there was any defect in the ways or works of the truck occupied and operated by Plaintiff at the time of the subject accident and that the same was occasioned only by Plaintiff's "contributory negligence."

## FORTY-FOURTH DEFENSE

The Defendant generally denies the allegations of Plaintiff's Amended Complaint and demands strict proof of the same. Defendant adopts all defenses available to him, as if fully set forth herein, of the "Employer's Liability Act," codified at Alabama Code 1975, § 25-6-1, et seq.

## FORTY-FIFTH DEFENSE

For a separate and partial defense in mitigation of any damages to which Plaintiff may be, or may appear to be, entitled by reason of the alleged acts of this Defendant, as set forth in Plaintiff's Complaint and Amended Complaint, Defendant alleges that Plaintiff has failed to mitigate his own damages which, by the exercise of reasonable effort, Plaintiff could have done, in that he has failed and refused to submit medical expenses for payment to his health insurance provider.

## FORTY-SIXTH DEFENSE

The Defendant pleads: (1) the general issue, (2) not guilty, (3) lack of causal relationship, (4) contributory negligence, (5) assumption of risk, (6) failure to mitigate damages, and (7) contests damages.

_____
JACK J. HALL
P. TED COLQUETT
Attorneys for Defendant,
Robert Pierce

**OF COUNSEL:**

**HALL, CONERLY & BOLVIG, P.C.**
1400 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2626
(205) 251-8143

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the _30_ day of July, 2004, served a true and correct copy of the above and foregoing pleading on counsel for all parties to this

proceeding by placing same in the United States Mail, properly addressed and first class postage prepaid, to:

Cecil G. Duffee, Esq.
James E. Mitchell, Jr., Esq.
**THE DUFFEE FIRM, LLC**
2015 Second Avenue North / Suite 400
Birmingham, Alabama 35203

OF COUNSEL